# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **SCHWAN'S COMPANY** and **SCHWAN'S SHARED SERVICES, LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **RONGXUAN CAI** and **CONAGRA BRANDS, INC.**, <br><br> Defendants. | Case No. 0:20-cv-2157 (JRT/DTS) |

### DECLARATION OF RACHEL ZIMMERMAN SCOBIE IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER TO PERMIT SUBSTITUTION OF THEIR COMPUTER FORENSIC EXPERT

I, Rachel Zimmerman Scobie, declare as follows:

1. I am an attorney with the law firm of Merchant & Gould P.C., and I am lead trial counsel for Plaintiffs Schwan's Company and Schwan's Shared Services, LLC (collectively, "Schwan's") in the above captioned matter.

2. I make this Declaration on my own information, knowledge, and belief in support of Schwan's Motion to Amend the Scheduling Order to Permit Substitution of Their Computer Forensic Expert.

3. I have reviewed the Engagement Agreement between Computer Forensic Services ("CFS") and Merchant & Gould. Mark Lanterman signed the Agreement on behalf of CFS in his then-current role of Chief Technology Officer, while I signed on behalf of Merchant & Gould. In the Agreement, Merchant & Gould engaged CFS, on behalf of Schwan's, to provide digital forensic and other services, as requested. The Agreement

expressly contemplates CFS providing services that may include imaging, off-site services, data analysis and consulting, expert witness testimony, data hosting, and other services to be determined by the parties. The Agreement lists several rates for these services, some of which are specific to Mark Lanterman. With respect specifically to the expert witness testimony services referenced, however, the Agreement describes what those services may entail and lists CFS's rates for those services without referencing any specific individual who will provide such services.

4. Schwan's timely identified Mark Lanterman as the expert from CFS it intended to have testify as an expert and served opening and reply reports signed by Mark Lanterman on September 27, 2024, and February 14, 2025, respectively.

5. On March 5, 2025, Schwan's offered to make Mark Lanterman available for a deposition to be held on April 16, 2025.

6. The afternoon of March 24, 2025, my team was informed by CFS that Mark Lanterman was no longer available to serve as a testifying expert in this matter.

7. I subsequently communicated with Mark Lanterman's counsel, Nick Puklich, who confirmed that Mr. Lanterman was withdrawing from this case.

8. Less than 24 hours after first learning of Mark Lanterman's unavailability, I emailed counsel for Defendant Conagra Brands, Inc. to inform them of the changed circumstances. In that email, I informed counsel for Conagra of Schwan's willingness to substitute in Sean Lanterman for Mark Lanterman as its testifying expert and that Sean Lanterman would be available for deposition on April 16, 2025.

9. On April 9, 2025, Schwan's served on Defendants replacement expert reports signed by Sean Lanterman. As it pertains to disclosures required by FRCP 26(a)(2)(B)(i)-(iii), the content of these reports does not differ from that contained in the original reports signed by Mark Lanterman.

10. Attached hereto as Exhibit 1 is a true and correct copy of an email chain between me and counsel for Conagra, dated March 31 – April 1, 2025.

11. Attached hereto as Exhibit 2 is a true and correct copy of Docket Entry No. 162 from *Anderson v. United States*, No. 21-CV-02088 (JMB/LIB) (D. Minn.).

12. Attached hereto as Exhibit 3 is a true and correct copy of Docket Entry No. 150 from *Anderson v. United States*, No. 21-CV-02088 (JMB/LIB) (D. Minn.).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 9, 2025   */s/ Rachel Zimmerman Scobie*
Rachel Zimmerman Scobie