# EXHIBIT 1

| | |
|---|---|
| **From:** | Rachel Scobie |
| **To:** | Daniel I. Konieczny |
| **Cc:** | Kyle A. Cooper; Ryan Muhlstock; Christopher D. Liguori; Joe Dubis, Ph.D.; Anneliese Mayer; Elisabeth (Bette) Muirhead |
| **Subject:** | RE: Friday status conference |
| **Date:** | Tuesday, April 1, 2025 8:19:52 AM |
| **Attachments:** | image001.png |

Dan,

Apologies for not responding sooner. I was tied up yesterday afternoon and evening.

To clarify, *Anderson* is but one example of many where courts have addressed the proper course when a party's testifying expert becomes unavailable to serve in that capacity after serving expert reports and before trial. While not frequent, these situations are also not all that uncommon. Sometimes it is due to death, sometimes mental or physical incapacitation, and sometimes other reasons.

When substitutions become contested in these situations it is usually because the party who has lost their original expert seeks to replace them with someone new who is going to start over and do a new analysis. In that instance, the other party often claims they would be prejudiced by the possible change in scope of the opinions offered. Typically, such disputes are resolved with the court requiring that the replacement expert's opinion have the same scope as the original expert's opinion.

Your suggestion that Schwan's start over, therefore, is odd. In *Anderson*, the expert was serving in his individual capacity and, therefore, there was no other person who had been involved in the work that could step in to fill his shoes. Here, however, the opinions were developed by a team (as is common with forensic or damages experts) and there are other members of that team who are qualified to serve as the testifying expert in their own right. Based on ample precedent pertaining to expert substitution, our proposal to replace Mark Lanterman with another expert who was involved in the work leading to the opinions expressed in the original report, who holds the same opinions expressed in the original report, and who is available to serve as a testifying expert in this case should be the most unobjectionable course of action. It places the lowest burden on all parties and allows the case to stay on schedule as the opinions offered remain unchanged.

Schwan's seeks to proceed consistent with the abundant precedent governing these situations and to avoid any added delay or cost associated with Mark Lanterman's unavailability. Consistent with that, we do not think it makes sense to push off the status conference with the Court. However, if after reviewing the case law on expert substitution Conagra decides to withdraw its objection, then please let us know as a status conference would likely no longer be necessary.

Best,

Rachel

---

**From:** Daniel I. Konieczny <DKonieczny@TDRLAW.com>
**Sent:** Monday, March 31, 2025 7:58 PM
**To:** Rachel Scobie <rscobie@merchantgould.com>
**Cc:** Kyle A. Cooper <kcooper@TDRLAWFIRM.com>; Ryan Muhlstock <RMuhlstock@TDRLAW.com>; Christopher D. Liguori <CLiguori@TDRLAW.com>
**Subject:** Re: Friday status conference

**CAUTION - External.**

---

Rachel,

If Schwan's seeks to proceed as in Anderson, please make a proposal, and we will consider it. In Anderson, the Court granted leave to submit an independently prepared expert report from an independent expert. The Court also limited the scope of the replacement opinion to the original report and ordered the party replacing the expert to pay a portion of the costs of a replacement rebuttal report.

We are willing to meet and confer, but I am traveling and truly unavailable to discuss this with you before Friday.

As for the hearing, Schwan's demanded it as soon as possible solely due to Schwan's' desire to swap out Mark Lanterman and swap in his son, Sean, for deposition on April 16. As stated previously, we will not agree to depose Sean Lanterman on April 16. Why don't we ask the court to postpone the hearing until the following week to provide the parties time to meet and confer, with the understanding that we will not depose anyone on April 16?

Dan

---

**From:** Rachel Scobie <rscobie@merchantgould.com>
**Date:** Monday, March 31, 2025 at 4:09 PM
**To:** Daniel I. Konieczny <DKonieczny@TDRLAW.com>
**Subject:** Friday status conference

**CAUTION: External email**

Dan,

I left you a more detailed voicemail about our request to substitute in Sean Lanterman as our testifying expert in this case. If you want to further discuss to see whether we can come to some resolution that avoids the need for the status conference on Friday, please feel free to call my office or cell (both numbers below). The only thing of substance that I think got cut off in my message was the cite to the case law I referenced. I was going to reference the attached as but one example of many cases where the Court has allowed substitution in the event of a testifying expert's unavailability.

Best,
Rachel

**Rachel Scobie**
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4667
**Mobile** (612) 306-9081
**Fax** (612) 332-9081
[merchantgould.com](merchantgould.com)
[BIO](BIO)

**Assistant:** Jasmine D. Brower | [jbrower@merchantgould.com](jbrower@merchantgould.com) | (612) 336-4635

PROUDLY CELEBRATING 125 YEARS OF INNOVATION AND CLIENT SUCCESS

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever. Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.