# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SCHWAN'S COMPANY and
SCHWAN'S SHARED SERVICES, LLC,

       Plaintiffs,

v.

RONGXUAN CAI and CONAGRA
BRANDS, INC.,

       Defendants.

Case No. 20-cv-2157 (JRT/DTS)

**CONAGRA'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO BAR AND EXCLUDE OPINIONS AND TESTIMONY OF
SEAN LANTERMAN**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

SEAN LANTERMAN'S CHALLENGED OPINIONS ...................................................... 3

ARGUMENT ............................................................................................................ 5

I.     ████████████████████████████████████████████
████████████████████████ ....................................... 6

II.    ████████████████████████████████████████████
████████████████████ ................... 10

CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Clayton Int'l, Inc. v. Nebraska Armes Aviation, LLC*,
  No. 8:21CV309, 2025 WL 1937621 (D. Neb. July 15, 2025) .................................... 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ........................................................................................ 5

*Hale Cnty. A & M Transp., LLC v. City of Kansas City, Mo.*,
  998 F. Supp. 2d 838 (W.D. Mo. 2014) ........................................................... 7

*Hirchak v. W.W. Grainger, Inc.*,
  980 F.3d 605 (8th Cir. 2020) ......................................................................... 7

*Housley v. Orteck Int'l, Inc.*,
  488 F. Supp. 2d 819 (S.D. Iowa 2007) .......................................................... 7

*Lauzon v. Senco Prod., Inc.*,
  270 F.3d 681 (8th Cir. 2001) ......................................................................... 6

*Maki v. Fed. Rsrv. Bank of Minneapolis*,
  784 F. Supp. 3d 1191 (D. Minn. 2025) .......................................................... 7

*In re ResCap Liquidating Tr. Litig.*,
  432 F. Supp. 3d 902 (D. Minn. 2020) ...................................................... 10, 11

*Travelers Prop. Cas. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, PA*,
  557 F. Supp. 2d 1040 (W.D. Mo. 2008) ........................................................ 7

*US Salt, Inc. v. Broken Arrow, Inc.*,
  563 F.3d 687 (8th Cir. 2009) ....................................................................... 10

## Other Authorities

Federal Rule of Evidence 702 ...................................................................... *passim*

Defendant Conagra Brands, Inc. respectfully submits this memorandum of law in support of its motion to bar and exclude the opinions and testimony of Plaintiffs Schwan's Company's and Schwan's Shared Services, LLC's (collectively, "Schwans") purported computer forensic expert, Sean Lanterman, pursuant to Federal Rule of Evidence 702.

## INTRODUCTION

Schwans proffers Sean Lanterman—█████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████. Rule 702 requires the proponent to establish that the expert possesses the qualifications to render the opinions advanced and that reliable principles and methods ground those opinions.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

1



Accordingly, ██████████████████████████████

█████████████████████████████████████████████

██████████████████████, the Court should exclude his opinions and testimony under

Rule 702.[1]



## SEAN LANTERMAN'S CHALLENGED OPINIONS

Schwans retained Computer Forensic Services (CFS) to analyze electronic evidence and initially designated CFS's Chief Technology Officer, *Mark* Lanterman—Sean Lanterman's father—as its testifying expert.

Mark Lanterman served a February 16, 2024 expert report (Ex. 1), a September 27, 2024 expert report (Ex. 2) and a February 14, 2025 reply report (Ex. 3). [2]



In March 2025, following investigations into Mark Lanterman's credentials, CFS informed Schwans that Mark would not serve as a testifying expert. (ECF No. 564, at p. 2.) Mark Lanterman withdrew as an expert following documented allegations across multiple jurisdictions that he lied about his academic credentials. Specifically, Mark Lanterman has been accused of lying about attending and graduating from Upsala College, where he claims that he graduated with "both a Bachelor of Science and a Master's degree

---

[2] Unless otherwise specified, exhibit numbers refer to the exhibits to the Declaration of Daniel Konieczny in Support of Conagra's Memorandum of Law in Support of its Motion to Bar and Exclude Opinions and Testimony of Sean Lanterman ("Konieczny Decl."), filed concurrently with this memorandum.

in computer science," and spoliating evidence to conceal the lies. (*See* ECF No. 560, Ex. 1 at pp. 13–25, Ex. 2.)

On April 9, 2025, Schwans disclosed replacement reports "prepared by" Sean Lanterman, Mark Lanterman's son. (Ex. 4, Sean Lanterman Report; Ex. 5, Sean Lanterman Reply Report.) Sean Lanterman serves as General Counsel for Mark Lanterman's company. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████ In its May 6, 2025 order allowing substitution, the Court recognized that the substance of CFS's opinions would remain the same and that the parties could address any Rule 702 issues in dispositive motion practice. (ECF No. 564, p. 6.)

Relevant here, Lanterman ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

         █████████████████████████████████████

████████████████████████████████████████████

4



## ARGUMENT

Federal Rule of Evidence 702 permits expert testimony only if the witness is qualified and the proffered opinions are relevant, reliable, and based on sufficient facts and a reliably applied methodology. The Court serves as a gatekeeper under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–92 (1993), and must exclude testimony that is speculative, unsupported by the record, grounded in unreliable principles or methods, or that simply offers legal conclusions. The proponent bears the burden of establishing admissibility by a preponderance of the evidence, and where an expert's opinion rests on

5

*ipse dixit*, disregards contrary evidence, or lacks methodological rigor, exclusion is required. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686–87 (8th Cir. 2001).

I.　███████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

███████████████████████████████

████████

Rule 702 permits an expert to proceed "as far as—but no further than—his specialized knowledge assists him in going." *Hirchak v. W.W. Grainger, Inc.*, 980 F.3d 605, 609 (8th Cir. 2020). Qualification is opinion-specific; an expert competent in one field may be plainly unqualified in another. *Travelers Prop. Cas. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, PA*, 557 F. Supp. 2d 1040, 1048 (W.D. Mo. 2008) ("The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas.").

Courts therefore exclude opinions that stray beyond a witness's proven knowledge and experience. *Maki v. Fed. Rsrv. Bank of Minneapolis*, 784 F. Supp. 3d 1191, 1209–10 (D. Minn. 2025) (excluding portions of a physician-epidemiologist's testimony opining that "prudent" employers should not mandate COVID-19 vaccination, holding that while he could testify about the medical value of vaccines, opinions about employer policy, ethics, and prudence exceeded the scope of his expertise); *Hale Cnty. A & M Transp., LLC v. City of Kansas City, Mo.*, 998 F. Supp. 2d 838, 843–44 (W.D. Mo. 2014) (excluding pilot/air-traffic-controller expert's opinion that airport's snow-removal procedures were inadequate because, despite observational familiarity, he lacked any education, training, or practical experience in snow-removal operations and thus strayed beyond his demonstrated expertise); *Housley v. Orteck Int'l, Inc.*, 488 F. Supp. 2d 819, 825–27 (S.D. Iowa 2007) (excluding opinions of insurance-adjuster expert who lacked any technical training,

engineering background, industry standards knowledge, or experience with tire-failure analysis).

**II.** ███████████████████████████████████████████████████

Rule 702 requires that the testifying expert independently apply reliable principles and methods to the facts of the case. An expert may consider work performed by others, but they must bring their own expertise and analytical judgment to bear and must assess the validity of the opinions on which they rely. *See In re ResCap Liquidating Tr. Litig.*, 432 F. Supp. 3d 902, 932 (D. Minn. 2020) ("experts are not permitted to simply repeat or adopt the findings of another expert without attempting to assess the validity of the opinions relied upon") (internal quotation marks and citation omitted); *Clayton Int'l, Inc. v. Nebraska Armes Aviation, LLC*, No. 8:21CV309, 2025 WL 1937621, at *6 (D. Neb. July 15, 2025) ("It is well-established that an expert witness cannot rely on another expert without employing his own methodology or analysis under *Daubert*.")

Likewise, an expert cannot satisfy Rule 702 by relying almost exclusively on another person's unverified or speculative conclusions without conducting independent analysis. *See US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 691 (8th Cir. 2009) (expert testimony may be excluded if the expert "almost exclusively" relied on speculative estimates and did not perform any independent analysis or verification). An expert must

bring independent analysis and judgment to bear on the facts. Where the record shows that no new substantive analysis was performed and no independent validation occurred, the proffered testimony lacks the reliability required under Rule 702. *In re ResCap Liquidating Tr. Litig.*, 432 F. Supp. 3d at 932.



## CONCLUSION

For the reasons stated above, Conagra respectfully requests that this Court enter an order barring and excluding Sean Lanterman's ████████████████████ ████████████████████████████████ pursuant to Rule 702.

Dated: February 24, 2026                    Respectfully submitted,

CONAGRA BRANDS, INC.

By: Daniel I. Konieczny
                                        One of Its Attorneys

S. Jamal Faleel MN Bar #0320626       Christopher D. Liguori (admitted pro hac)
Emily A. Ambrose MN Bar #0391439      Daniel I. Konieczny (admitted pro hac)
Eugene Hummel MN Bar # 0398239        Kyle A. Cooper (admitted pro hac)
NORTON ROSE FULBRIGHT US LLP          Ryan C. Muhlstock (pro hac pending)

13

60 South Sixth Street
Suite 3100
Minneapolis, MN 55402
Ph: (612)-321-3271
Fax: (612) 321 2288
jamal.faleel@nortonrosefulbright.com
emily.ambrose@nortonrosefulbright.com
gene.hummel@nortonrosefulbright.com

TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Ph: (312) 762-9450
Fax: (312) 762-9451
cliguori@tdrlaw.com
dkonieczny@tdrlaw.com
kcooper@tdrlaw.com
rmuhlstock@tdrlaw.com